**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Brian H. Richardson (VSB No. 92477)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
Brian.Richardson@kutakrock.com
*Counsel for Peter J. Barrett, Trustee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: NUBIAN QUEEN HOOVER | ) ) ) | Chapter 7 Case No. 18-32452 (KLP) |
| Debtor. | ) ) | |
| PETER J. BARRETT, TRUSTEE, FOR THE BANKRUPTCY ESTATE OF NUBIAN QUEEN HOOVER | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. Pro. _____ |
| TOMMY P. FARLEY, JR., | ) ) | |
| Defendant | ) ) | |

### COMPLAINT TO SELL CO-OWNER'S INTEREST IN PROPERTY OF THE ESTATE

Peter J. Barrett, Trustee for the Bankruptcy Estate of Nubian Queen Hoover (the "Trustee"), by counsel, files this Complaint pursuant to 11 U.S.C. § 363(b), (f) and (h), and Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking authority to sell certain real property more commonly known as 335 McFadyen Dr., Fayetteville, North Carolina 28314 (as more particularly described below), in which the estate of Nubian Queen Hoover (the "Debtor")

1

and Tommy P. Farley, Jr., ("Mr. Farley") have a joint, undivided interest, and in support thereof,

states:

## PARTIES

1.      The Trustee is the duly appointed and acting Chapter 7 trustee for the bankruptcy

estate.

2.      The Debtor is a debtor in the bankruptcy proceedings by virtue of having filed a

voluntary petition with this Court under Chapter 13 on May 9, 2018 (the "Petition Date").  The

Debtor's bankruptcy case was converted to one under Chapter 7 of the Bankruptcy Code on

September 11, 2018.

3.      Mr. Farley is the former or estranged husband of the Debtor, and the co-owner in

possession of the Property (defined below).

## JURISDICTION

4.      This proceeding is a core proceeding pursuant to 28 U.S.C. § 157.

5.      This Court has subject matter jurisdiction over this adversary proceeding pursuant

to 28 U.S.C. § 1334 and personal jurisdiction over all parties pursuant to Rule 7004(f) of the

Federal Rules of Bankruptcy Procedure.

## BACKGROUND

6.      The Debtor's bankruptcy estate is the current owner of a one-half interest in

certain real property located at 335 McFadyen Dr., Fayetteville, North Carolina 28314 (the "NC

Property").

7.      The NC Property is more particularly described as follows:

2

All that certain lot or parcel of land situated in the City of Fayetteville, Seventy First Township, Cumberland County, North Carolina and more particularly described as follows:

Being all of Lot 536, in a subdivision known as Devonwood, Section 1, according to a Plat duly recorded in Plat Book 38, Page 76, Cumberland County Registry, North Carolina.

8.      Upon information and belief, as of the Petition Date, the Debtor and Mr. Farley had separated and do not maintain contact with one another.

9.      The Debtor's bankruptcy estate is also the current owner of a one-half interest in certain personal property in the form of a 2013 Nissan Titan, (the "Truck" and collectively with the NC Property, the "Property").

10.     Upon information and belief, Mr. Farley, the Debtor's estranged husband, currently has exclusive possession and use of and resides in the Property.  The Trustee made demand upon Mr. Farley for payment for the value of the Debtor's interests in the Property, together with other related documents.

11.     Despite efforts by the Trustee to reach Mr. Farley through correspondence, no response to the Trustee's request has been received as of the date of this filing.

12.     The Debtor, by counsel, has indicated to the Trustee that she does not maintain current contact information for Mr. Farley other than his residential street address at the NC Property.   Accordingly, Mr. Farley's electronic mail address or telephone number are unavailable to the Trustee.

13.     Upon information and belief, the tax assessed value of the NC Property is $133,500.00 and is unencumbered other than a deed of trust dated December 21, 2007, which had an initial principal amount of $140,602.00.  As of June 2018, the total outstanding amount due under the deed of trust was approximately $111,733.63.

3

14.     Upon information and belief, the Truck remains in the possession and control of

Mr. Farley, has an estimated value of $21,425.00 as calculated by the National Automobile

Dealers Association (NADA), and otherwise appears to be unencumbered.

## RELIEF REQUESTED

15.     As of the Petition Date, the Debtor owned an undivided interest in the Property as

a joint tenant together with Mr. Farley.

16.     The Debtor's interest in the Property constitutes property of the estate pursuant to

11 U.S.C. § 541.

17.     The Trustee seeks to administer the Property as part of the bankruptcy estate and

to the extent reasonable, seeks authority to sell the Property free and clear of all liens and

interests pursuant to 11 U.S.C. § 363(b) and (f).

18.     The Trustee also requests the Court to authorize the sale of Mr. Farley's co-owner

interest pursuant to 11 U.S.C. § 363(h).

19.     A partition in kind of the Property is impracticable.

20.     Unless a mutually agreeable resolution can be reached with Mr. Farley, the sale of

the estate's undivided interest to a third party would realize significantly less for the estate than a

sale of the Property free and clear of the interests of the co-owner.

21.     The benefit to the estate of a sale of the Property free and clear of the interests of

the co-owner outweighs the detriment to Mr. Farley as evidenced by his lack of response to the

efforts of the Trustee to reach a resolution.

22.     Upon information and belief, the Property is not used in the production,

transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat,

light, or power.

23.    Notwithstanding any potential outstanding balance due on the deed of trust, the Trustee believes there to be sufficient equity in the Property to warrant the pursuit of a sale so that the proceeds generated thereby may be administered for the benefit of the creditors of the Debtor's bankruptcy estate.  To the extent any dispute arises concerning the validity, extent, or priority of any lien or interest that encumbers the Property, such liens or interests shall attach to the net sales proceeds after deducting the costs of the sale to the same extent and in the same priority as will be adjudicated in an adversary proceeding determining the validity, extent and priority of all liens and interests in such net proceeds pursuant to 11 U.S.C. § 506.

WHEREFORE, the Trustee requests the Court to authorize the sale of both the estate's interest and the interest of the co-owner in the Property as set forth herein and to award any further relief the Court deems proper.

**PETER J. BARRETT, TRUSTEE**

By:    _/s/ *Brian H. Richardson*_____
                    Counsel

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Brian H. Richardson (VSB No. 92477)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
Brian.Richardson@kutakrock.com
  *Counsel for Peter J. Barrett, Trustee*

5